UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN CIRO YACUP, IV,
    Prisoner,

v.                                            Case No. 8:24-cv-2301–KKM–TGW
                                               Case No. 8:14-cr-129-KKM-TGW

UNITED STATES OF AMERICA,
    Respondent.
_____

**ORDER**

Juan Ciro Yacup, IV, moves under 28 U.S.C. § 2255 to vacate his 180-month sentence for being a felon in possession of a firearm. (Civ. Doc. 3.) Yacup pleaded guilty without a plea agreement to one count of violating 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced as an armed career criminal, and he filed no appeal.

In his § 2255 motion, Yacup challenges his sentence on three related grounds. He claims that the district court lacked jurisdiction to sentence him as an armed career criminal. He claims that his enhanced sentence violates his Fourth and Fifth Amendment rights. And he claims that his enhanced sentence exceeds the statutory maximum authorized under § 922(g).

Rule 4(b), Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" *See also Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (stating that summary dismissal of a habeas

petition is appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

A district court may consider sua sponte the timeliness of a § 2255 motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition."). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id*. at 210; *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We hold that the District Court did not err by sua sponte dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Yacup's judgment of conviction was entered February 6, 2015.  (Crim. Doc. 54.)  The judgment became final 14 days later, on February 20, 2015. Therefore, under § 2255(f)(1), Yacup had until February 20, 2016, to file his § 2255 motion.

Yacap did not file his § 2255 motion until September 23, 2024, the date on which he signed the motion while incarcerated. (Civ. Doc. 1.) *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287,

1290 n.2 (11th Cir. 2009)) (when determining whether a § 2255 motion is timely, "[w]e apply the prison mailbox rule, under which 'a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing'").

Accordingly, Yacup must explain why his § 2255 motion, which he filed more than eight years after the expiration of the filing deadline, is timely filed under § 2255(f). No later than **45 DAYS** from the date of this order, Yacup must show (1) that his § 2255 motion is timely, (2) that he is entitled under another provision in § 2255(f) to a renewed start of the limitation period, (3) that he is entitled to equitable tolling, or (4) that he is actually innocent. No later than **30 DAYS** after Yacup responds to this order, the United States must file a response that addresses the timeliness of the § 2255 motion.

ORDERED in Tampa, Florida, on November 13, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge