UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN CIRO YACUP, IV,
    Prisoner,
v.

Case No. 8:24-cv-2301–KKM–TGW
Case No. 8:14-cr-129-KKM-TGW

UNITED STATES OF AMERICA,
    Respondent.
_____

**ORDER**

Juan Ciro Yacup, IV, moves under 28 U.S.C. § 2255 to vacate his 180-month sentence for being a felon in possession of a firearm. (Civ. Doc. 3.) Yacup pleaded guilty to one count of violating 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced as an armed career criminal, and he filed no appeal. In his § 2255 motion, Yacup challenges his enhanced sentence.

Rule 4(b), Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" *See also Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (approving summary dismissal of a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

"'[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a . . . prisoner's habeas petition.'" *Otero-Pomares v. United States*, No. 23-10079, 2024 WL 3103488, at *3 (11th Cir. June 24, 2024) (quoting *Day v.*

*McDonough*, 547 U.S. 198, 209 (2006)). "'Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.'" *Id*. (quoting *Day*, 547 U.S. at 210); *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We hold that the District Court did not err by sua sponte dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition."); *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (recognizing that the legal principles applicable to § 2254 proceedings generally apply to § 2255 proceedings).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Yacup's judgment of conviction was entered on February 6, 2015. (Crim. Doc. 54.) The judgment became final 14 days later, on February 20, 2015. Therefore, under § 2255(f)(1), Yacup had until February 20, 2016, to file his § 2255 motion. Yacap did not file his § 2255 motion until September 23, 2024, the date on which he signed the motion while incarcerated. (Civ. Doc. 1.) *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)) (when determining whether a § 2255 motion is timely, "[w]e apply the prison mailbox rule, under which 'a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing'").

An earlier order directed Yacup to explain why his § 2255 motion, which he filed more than eight years after the expiration of the filing deadline, is timely filed under § 2255(f). (Civ. Doc. 4.) The order was entered November 13, 2024, was mailed to Yacup at his current place of incarceration at the Federal Correctional Institution in Jesup, Georgia, and was not returned undeliverable. The order directed Yacup to respond within 45 days of the date of the order. To date, Yacup has neither filed a response nor sought an extension of time to do so.

Yacup's motion was filed more than eight years after the expiration of the filing deadline under § 2255(f)(1), and he has not shown that he is entitled under another provision in § 2255(f) to a renewed start of the limitation period, that he is entitled to equitable tolling, or that he is actually innocent. *See Turner v. Sec'y Dep't of Corr.*, 991 F.3d 1208, 1212 (11th Cir. 2021) (affirming sua sponte dismissal of § 2254 petition because "everything that the district court needed to determine timeliness was provided by Turner in his petition"); *Adderley v. United States*, No. 22-14075, 2024 WL 2786951, at *2 (11th Cir. May 30, 2024) (affirming sua sponte dismissal of § 2255 motion because "Adderley was afforded notice of the limitation periods, had an opportunity to argue that his motion was timely, and provided the district court with sufficient information to assess the timeliness of his motion"); *Thomas v. Fla. Dep't of Corr.*, No. 21-13068, 2023 WL 4488294, at *2 (11th Cir. July 12, 2023) ("Given Thomas's presentation of the pertinent dates and his own admission that his petition was untimely-filed, the district court had discretion to dismiss sua sponte Thomas's petition as time barred[.]"); *Porter v. United States*, No. 17-13743, 2018 WL 7458652, at *2 (11th Cir. Sept. 13, 2018) (denying a certificate of appealability because "Section 2255 specifically

contemplates motions made by prisoners alleging that the court lacked jurisdiction to render the judgment or to sentence the prisoner, and § 2255(f) provides no exception to the one-year time limitation period for such challenges").

Yacup is also not entitled to a certificate of appealability (COA). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Yacup must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Yacup is entitled to neither a certificate of appealability nor an appeal in forma pauperis.

Accordingly, Yacup's § 2255 motion is **DISMISSED with prejudice**. The Clerk is directed to enter a final judgment that should read "This case is dismissed with prejudice." The clerk must close this civil case and enter a copy of this order in the criminal case. A certificate of appealability and leave to appeal in forma pauperis are **DENIED**. Yacup must obtain permission from the circuit court to appeal in forma pauperis.

ORDERED in Tampa, Florida, on January 13, 2025.

Kathryn Kimball Mizelle
United States District Judge

4